UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6242-CR-FERGUSON

UNITED STATES OF AMERICA )
)
)
)
v. )
)
DAVID DEBERNARDIS, )
)
     Defendant )
_____)



### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

  A. 1. Any written statements made by defendant are attached to defense counsel's copy of this Response.

  2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached to the copy of this response provided to counsel for the defendant.

  3. The defendant did not testify before the Grand Jury.



4. The NCIC record of the defendant is being provided to counsel for the defendant with this Response.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida 33394. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for October 10, 2000 at 10:00 a.m. Please call the undersigned with 48 hours' notice if you intend to review the evidence at this date and time.

The attachments to counsel for the defendant's copy of this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. Fingerprints lifted from the firearm form were compared with known fingerprints of the defendant and a positive match was found.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at

2

trial.

F. The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband was involved in this case.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. Please see the answer to section A.6. above.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will

    expedite trial. These stipulations will be discussed at the discovery conference.

 P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense. The approximate parameters of when the offenses occurred are outlined in the indictment.

  The attachments to this response are numbered pages 1-49. Please contact the undersigned Assistant United States Attorney if any pages are missing.

         Respectfully submitted,

         GUY A. LEWIS
         UNITED STATES ATTORNEY

      By: */s/ Robin S. Rosenbaum*
         Robin S. Rosenbaum
         Assistant United States Attorney
         Florida Bar No. 908223
         500 E. Broward Blvd.
         Suite 700
         Fort Lauderdale, FL 33394
         Tel: (954) 356-7255 ext. 3595
         Fax: (954) 356-7336

cc: Special Agent Steve Meyer,
   Bureau of Alcohol, Tobacco, & Firearms

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by ~~first-class United States mail, postage prepaid,~~ *inter-office mail* this 3rd day of October, 2000, to Daryl Wilcox, Esq., Federal Public Defender's Office, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

Robin S. Rosenbaum
Assistant United States Attorney

5