

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

February 20, 2002

RE: 01-11813-II    USA v. David Debernardis
DC DKT NO.: 00-06242 CR-WDF

TO:   Clarence Maddox

CC:   Daryl E. Wilcox

CC:   Kathleen M. Williams

CC:   Marc Fagelson

CC:   Anne R. Schultz

CC:   Jonathan D. Colan

CC:   Robin S. Rosenbaum

CC:   Jonathan D. Colan

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

February 20, 2002



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 01-11813-II     USA v. David Debernardis
DC DKT NO.: 00-06242 CR-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: three volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-11813

District Court Docket No.
00-06242-CR-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 22, 2002
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

versus

DAVID DEBERNARDIS,

  Defendant-Appellant.



Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

  Entered: January 22, 2002
For the Court: Thomas K. Kahn, Clerk
  By: McCombs, Elaine





[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 2 2 2002
THOMAS K. KAHN
CLERK

No. 01-11813
Non-Argument Calendar

D.C. Docket No. 00-06242-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DEBERNARDIS,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(January 22, 2002)

Before TJOFLAT and BIRCH, Circuit Judges, and SHAPIRO*, District Judge.

PER CURIAM:

---

* Honorable Normal L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

David DeBernardis appeals his 60-month sentence on a plea of guilty for making a false statement to a firearms dealer in connection with the attempted acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On appeal, DeBernardis contends that the sentencing judge should have recused because, having presided at defendant's prior arson trial, he was biased and knew facts about DeBernardis that were not disclosed in the PSI. DeBernardis also argues that his motion for a downward departure was not granted because of the judge's bias, reflected in his comments at sentencing, and that he should be resentenced by a different district judge.

We review a district court's denial of a motion to recuse for an abuse of discretion. See Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001). Title 28 U.S.C. § 455(a) provides a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Opinions formed by the judge on the basis of facts introduced or events occurring in the course of pending or prior proceedings do not constitute a valid basis for a bias recusal motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Thus, judicial remarks during the course of a trial that are critical, disapproving of, or even hostile to, counsel, the parties, or the

action, ordinarily do not support a bias challenge. Id. Even a judge's expressing opinions derived from an extrajudicial source will not necessarily require recusal unless "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id.

Presiding over previous criminal or civil trials involving the same parties does not mandate recusal from all future litigation involving those parties. Cristo v. Padgett, 223 F.3d 1324, 1334 (11th Cir. 2000), cert. denied, 121 S.Ct. 1190 (2001). Factual knowledge gained during earlier participation in judicial proceedings involving the same party is not sufficient to require recusal. Id.

The trial judge's comments here do not reveal deep-seated favoritism or antagonism. Before imposing sentence, the district court stated:

> It is coincidental that the offense that you described of 24 years ago, where he was convicted of an arson which resulted in death, I was the trial judge, and I do recall the facts of that case vividly.
> It was a horrible case where ten people died. At least one died or was injured jumping from a hotel window to escape the flames. The other defendant went to trial and received a life sentence. This defendant escaped that because, as [I] recall, he may have pled and received only 20 years, and I was surprised to learn from this PSI that he served less than ten years.
> He was discharged in 1986 from state prison, and less than six months later he was arrested for two, or maybe a string of rapes.
> In those cases, he impersonated a police officer. He was convicted on those offenses again another life sentence of only 54 months [sic]. Before that, there was a string of other arrests, including arrests for auto theft, possession of narcotics, loitering and prowling.

> And then I hear about his episodes with the Coast Guard. Perhaps the Coast Guard ought to do a better job of screening who comes in as an auxiliary. He certainly shouldn't have been allowed to be in a position where he could impersonate a police officer.
> With this kind of a record of violence and instability, now at this offense, he goes in and purchases a high-powered rifle giving false information.[1] I'm not sure yet what he planned to do with it. I certainly don't believe he was giving that kind of weapon to his wife [as he claims], but for the other purposes that he was about at that time.
> Again, he needs treatment. But I'm not sure this is a case for leniency. I'm not going to grant the motion for downward departure and I will sentence him within the guideline range.

(R3:39-40.) These comments illustrate not bias but the district court's appropriate reaction to DeBernardis' violent history. "Not *all* unfavorable disposition towards an individual (or his case) is properly described [as bias or prejudice]. ... Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." Liteky, 510 U.S. at 550, 551 (emphasis in original) (internal citation omitted).

DeBernardis relies on Burns v. United States, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), for the proposition that he should have received notice of

---

[1] After making this statement, the district court was reminded that DeBernardis was not able to complete the purchase of the rifle. (R3:40-41.)

4

the judge's knowledge of facts not disclosed in the PSI.[2] This reliance is misplaced: Burns held that, before a district court could depart upward on a ground not identified as a ground for upward departure in either the PSI or a prehearing submission by the government, the court must give the parties reasonable notice it is contemplating such a ruling. Id. at 138. In this case, DeBernardis' sentence was not enhanced upward from the guideline range; indeed, he was sentenced at the low end of the applicable guideline range.[3]

DeBernardis also argues the district court's denial of his motion for a downward departure under U.S.S.G. § 5K1.2 resulted from the judge's personal recollection and consideration of the facts of his earlier arson conviction. This argument is unavailing: the court recognized it had the authority to depart, but refused to do so in an appropriate exercise of discretion. United States v. Webb, 139 F.3d 1390, 1394 (11th Cir. 1998) (a defendant may not appeal a district court's refusal to depart downward unless the court erroneously believed it lacked authority to depart).

---

[2] Not only was the arson conviction disclosed in the PSI; the facts were as well-known to the defendant as to the judge.

[3] The guideline range was 57-71 months and DeBernardis was sentenced to 60 months in custody.

Upon careful review of the pleadings, the sentencing transcript, the PSI, and consideration of the parties' briefs, we discern no reversible error. DeBernardis has failed to show the district court judge abused his discretion in denying the motion for recusal. He has not established that the complained-of comments derived from an extrajudicial source, nor has he shown that the opinions formed by the judge constituted a deep-seated favoritism or antagonism that made a fair sentence impossible. Accordingly,

**WE AFFIRM.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia