UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6242-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID DEBERNARDIS,

    Defendant.
_____/

**MOTION TO DISMISS CASE OR TERMINATE SUPERVISION**

The defendant, DAVID DEBERNARDIS, through counsel, asks that the court dismiss his pending supervised release violation or terminate his supervision, and in support states:

1. On March 9, 2007, this court dismissed the previous petition, finding that there had in fact been no violation of his supervision.[1] The defendant, however, had been arrested in November 2006 in Washington on the alleged violation and transferred to the Southern District of Florida, remaining in custody for almost four months. Upon the dismissal of the petition, the court ordered the U.S. Marshal to transport the defendant back to Washington.

2. During the hearing, counsel for the defendant asked that the defendant's federal supervision be terminated as he was also on supervision by the Washington State Department of Corrections. The court did not "feel comfortable" terminating the defendant's supervision but directed that the supervision either be transferred to the Western District of Washington or **"modify**

---

[1] The new petition incorrectly alleges, however, that the former petition was "withdrawn" by the probation department, when in fact, this court found that no violation had occurred and dismissed it (See Order, attached as Exhibit 1).

**it to non-reporting supervision."** (See transcript of March 9, 2007 hearing, p. 12, attached as Exhibit 2). Apparently, upon learning on April 17, 2007 that the Western District of Washington would not accept supervision (See Memorandum dated October 1, 2007 and attached as Exhibit 3), the probation department did not inform the court or submit a modification requesting that the supervision be non-reporting.

      3. Now, according to the new petition, there are two violations alleged -- being arrested by the Washington State Department of Corrections for failing to live in their approved housing and failing to answer truthfully all questions asked by the federal probation officer regarding where he was living. The memorandum accompanying the petition indicates that the defendant, who is homeless, stated that he was sleeping in a shelter when in fact he was sleeping in a park. Probation certainly knew where he was as he reported each night for dinner at the Bread of Life Mission. There is also indication in the memorandum that the defendant has again been hospitalized for some time.

      4. Counsel was contacted by Assistant Federal Public Defender Jerome Kuh who represented the defendant in Tacoma, Washington. He reported that the defendant was too sick to be housed in a jail facility and had hoped to resolve the case in Tacoma without the necessity of transporting the defendant to Florida.

      5. However, according to United States Probation Officer Lisa Acosta, the Tacoma district court would not accept jurisdiction. She reported in the October 1, 2007 memorandum that the defendant was in state custody awaiting a state violation hearing for the exact same charges as alleged in the federal petition.

      6. On October 16, 2007, the defendant was ordered removed to the Southern District of Florida. He is "en route" to this district.

7. Importantly, there should not even have been a petition filed, as this court specifically ordered that if the Western District of Washington refused to accept the transfer of supervision, the defendant's probation would be **non-reporting** (See transcript, p.12). The probation officer told the court that she would contact the Western District of Washington and if they would not take the defendant for supervision purposes, "I guess we can put him on a non-reporting supervision until the remaining dates." (See transcript, p. 8).

8. Non-reporting means just that. The defendant does not have to report to a probation officer. He does not have to tell the probation officer where he is living, eating, sleeping, or working. Thus, the petition should be dismissed as the court directed that the term of probation be non-reporting.

9. Even should the court find the defendant in violation of his federal supervision, he faces a guideline sentence of 5 to 11 months. He will most undoubtedly be given credit for the four months he was wrongfully imprisoned earlier this year. With the time needed to transfer the defendant to the Southern District of Florida, the defendant will be looking at a "time served" sentence if he is ultimately sentenced.

10. This defendant appeared before this court in March 2007 in a wheelchair. He suffers from numerous illnesses. There are no facilities here equipped to meet the defendant's medical needs. The homeless shelters in Florida would not accept the defendant due to his classification as a sex offender. At least in Tacoma, there are places where he can live.

11. The defendant therefore asks that the court dismiss the pending petition, recognizing how much time the defendant was wrongfully imprisoned the last time, or just terminate his supervision all together as the defendant's supervision is due to expire in nine months anyway in July 2008.

Even if this court were to terminate the defendant's federal supervision, he still remains on state supervision by the Washington State Department of Corrections and faces sentencing on the state violation charges for the very same conduct. Alternatively, the court could dismiss the present petition and enter the order that it intended in March 2007 -- that the defendant's supervision be non-reporting. The defendant asks that should the court grant the motion, the United States Marshal be immediately informed so that the defendant is not transferred all the way across the country again.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

 /s Lori Barrist
Lori Barrist
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 374504
450 Australian Ave. N., Ste 500
West Palm Beach, Florida 33401
Telephone: (561) 833-6288\Fax: (561) 833-0368
E-mail: Lori_Barrist@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, undersigned electronically filed the foregoing document using CM/ECF and has served the same by mail upon the Assistant United States Attorney Jeffrey Kay, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394 and United States Probation Officer Lisa Acosta, 10300 Sunset Dr., Suite 351, Miami, Florida 33173.

 /s Lori Barrist
Lori Barrist